# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

## THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES LANGTON, Appellant.

*Criminal law — when an expression of an opinion by the judge, as to the weight of evidence, requires that a new trial be granted — right to convict of larceny on an indictment for robbery.*

APPEAL from a judgment of the Court of Sessions of Richmond county, convicting the defendant of the offense of robbery in the second degree.

The defendant was accused of having seized and carried away the prosecutor's watch. The judge charged that the jury might find the defendant guilty of robbery in the first, second or third degree, or find a verdict of acquittal, but that they had " nothing to do with the crime of larceny." To this the prisoner's counsel excepted.

The court at General Term said : " The conviction of this defendant should be reversed. In the early part of the charge to the jury, the judge delivered the following words : " It seems to me that a chain of evidence has been woven around this defendant from which it is impossible for him to escape punishment."

This was beyond the privilege of a trial judge to express an opinion on questions of fact involved. The language did not leave the question to the jury to be decided on their own judgment, but amounted to a positive charge that it was impossible for the defendant to escape punishment.

We incline to the opinion that the charge to the jury, that they had nothing to do with the crime of larceny, was erroneous. Before the Penal Code a conviction might be had for larceny under an indictment for robbery. It is more doubtful now, but defendants are entitled to the benefit of all doubts on the trial, and we think

he was entitled to a charge in this case that the jury might convict of larceny.

The conviction should be reversed and a new trial granted.

*George Gallagher*, district attorney, for the People.

*Thomas W. Fitzgerald, Jr.*, and *Daniel H. Fitzgerald*, for the appellant.

Opinion by BARNARD, P. J.; PRATT, J., concurred in the result.

Conviction reversed and new trial granted